## UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

**RACEY FORD**                                                             **CIVIL ACTION**

**VERSUS**

**STATE OF LOUISIANA, ET AL**                                             **NO. 08-361-C-M2**

### NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have 10 days from the date of service of this Notice to file written objections to the proposed findings of fact and conclusions of law set forth in the Magistrate Judge's Report.  The failure of a party to file written objections to the proposed findings, conclusions, and recommendation contained in a Magistrate Judge's Report and Recommendation within 10 days after being served with a copy of the Report shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge that have been accepted by the District Court.

**ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

Signed in chambers in Baton Rouge, Louisiana, November 3, 2008.

**MAGISTRATE JUDGE CHRISTINE NOLAND**

1

**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

RACEY FORD                                                        CIVIL ACTION

VERSUS

STATE OF LOUISIANA, ET AL                          NO. 08-361-C-M2

### MAGISTRATE JUDGE'S REPORT

This matter is before the Court on the Motion to Dismiss (R. Doc. 8) filed by the State of Louisiana, through the Office of the District Attorney, 21st Judicial District Court, Parish of Livingston ("the State"). Such motion seeks the dismissal of the Original and Amended Petitions for Writ of Habeas Corpus (R. Docs. 1 and 3) filed by petitioner, Racey Ford ("Ford"). Ford has filed an "objection" (R. Doc. 9) to the State's motion.

### PROCEDURAL BACKGROUND

Ford pled guilty on June 13, 2000 in the 21st Judicial District Court, Parish of Livingston, State of Louisiana, to two counts of simple burglary of an inhabited dwelling in violation of La. R.S. 14:62.2 and one count of felon in possession of a firearm in violation of La. R.S. 14:95.1. He also pled guilty to another count of simple burglary of an inhabited dwelling under a separate docket number. He was subsequently sentenced to twelve (12) years imprisonment at hard labor on each burglary, with the first year being served without the benefit of probation, parole, or suspension of sentence. Ford was also sentenced to ten (10) years imprisonment at hard labor, without the benefit of probation, parole, or suspension of sentence, on the firearm charge. His sentences were to run concurrently, and he was given credit for all time previously served.

2

A portion of Ford's plea agreement provided that he would also plead guilty to a multiple offender bill of information and would receive a twenty-four (24) year sentence at hard labor to run concurrently with his other sentences.  Ford decided, however, not to plead guilty on the multiple offender bill, and the matter proceeded to a hearing on April 18, 2001.  At that time, Ford was adjudicated a second felony offender.  His twelve (12) year sentence on one of the counts of simple burglary of an inhabited dwelling was vacated, and Ford was resentenced to twenty-four (24) years imprisonment at hard labor without the benefit of probation, parole, or suspension of sentence, with that sentence running consecutively to all of his other sentences.

On June 5, 2002, Ford filed an application for post-conviction relief in the state district court.  In that application, Ford raised the following issues:  (1) He requested specific performance of the "guilty plea agreement" because the State failed to keep its promise with regard to his sentence; (2) ineffective assistance of counsel during his guilty plea and multi-bill proceedings; (3) that his sentence was illegal or excessive since the "predicate offense could not be used to enhance the immediate sentence;" (4) his guilty plea was not voluntarily and intelligently entered where neither counsel nor the court informed him of the nature and consequences of the charges against him; and (5) the multi-bill proceedings were in violation of his constitutional right to due process and in violation of La. R.S. 15:529.1 because he received no "prior" notice of the proceedings or of the predicate offenses the State intended to use as a basis for his sentence.  Although there is no trial court judgment denying Ford's post-conviction relief application within the state court record provided to the Court, it is apparent that such application was denied by the

state trial court based upon information contained in other documents within the record.[1] While the record contains a copy of a writ application by Ford to the First Circuit Court of Appeals concerning the denial of his post-conviction relief application, that copy is not file-stamped so the Court is uncertain whether that application was ever actually filed with the First Circuit.  Furthermore, there is no evidence in the record that Ford sought writs from the Louisiana Supreme Court relative to his June 5, 2002 post-conviction relief application.

On January 3, 2003, however, Ford filed a second application for post-conviction relief in the state district court raising identical claims to those asserted in his June 5, 2002 application.  His second post-conviction relief application was also denied by the state district court.  Ford applied for writs to the Louisiana First Circuit Court of Appeals and the Louisiana Supreme Court, which were denied on February 10, 2003 and March 26, 2004 respectively.[2]

On January 10, 2006, Ford filed a motion to correct illegal sentence, wherein he contended that his sentence should be modified because the sentencing judge erred in imposing more than one sentence during his habitual offender proceedings.  That motion was denied by the state trial court on January 11, 2006.  On May 14, 2007, Ford filed an amended and supplemental petition for post-conviction relief that was denied by the state

_____

[1] The trial judge denied Ford's request to file a traversal to the State's answer to his post-conviction relief application on October 9, 2002 on the ground that it was moot because the trial judge had "previously denied petitioner's post-conviction relief without the necessity of a contradictory hearing." Ford also states in his writ application to the First Circuit that the trial court denied his post-conviction relief application prior to the State even filing an answer thereto.

[2] Although the State contends in its motion to dismiss that Ford never applied for writs to the Louisiana Supreme Court relative to the denial of his January 3, 2003 post-conviction relief application, Ford has pointed to evidence within the record demonstrating the Louisiana Supreme Court's denial of a writ application pertaining to that post-conviction relief application on March 26, 2004.

district court as untimely.  The record does not reflect that Ford sought writs relative to that denial.

On February 4, 2008, Ford filed another motion to correct illegal sentence in the state district court on the ground that the trial court denied him the right to withdraw his guilty plea and because his counsel was ineffective during the habitual offender proceedings.   That motion was denied by the trial court on February 13, 2008.  Ford sought writs to the Louisiana First Circuit Court of Appeals, which were denied on June 6, 2008.  On June 17, 2008, Ford filed a "Notice of Appeal" in the state court record, providing notice that he was appealing to the Louisiana Supreme Court from the First Circuit's June 6, 2008 writ denial; however, there is no evidence in the record that Ford ever filed that appeal/writ application with the Louisiana Supreme Court, and if he did, that the Louisiana Supreme Court has ruled on it.  Furthermore, Ford indicated in his federal habeas petition that, although he tried to file a writ application concerning his motion to correct illegal sentence with the Louisiana Supreme Court, it was "sent [ ] back unfiled."  His opposition to the present motion also indicates that he "has no motion pending in the State Supreme Court or [a]ny [s]tate court" at this time.

On June 17, 2008, Ford filed his habeas petition in this matter.  He subsequently filed an amended habeas petition on July 8, 2008 because his original petition was not on the proper forms.  In both his original and amended habeas petitions, he set forth the following claims:  (1) ineffective assistance of counsel during guilty plea proceedings; (2) denial of the right to withdraw his guilty plea after petitioner realized that he was not going to receive the sentence promised him under the plea agreement; (3) denial of the right to a trial by judge or jury; (4) his guilty plea was not knowing and intelligent because he was

misinformed during plea negotiations concerning the sentence he would receive; and (5) his sentence, which is a result of a broken plea agreement and a violation of his constitutional rights, is illegal and excessive.  The State contends that Ford's habeas petition should be dismissed with prejudice because he failed to exhaust his state court remedies.

**LAW & ANALYSIS**

Under 28 U.S.C. § 2254(b) and (c), a claimant seeking habeas corpus relief in federal court is required to first exhaust state court remedies regarding his claims by presenting them for review before the courts of the state in which he is confined.  The exhaustion requirement is satisfied only when a petitioner's claims have been properly and fairly presented to the state's highest court, either on direct review or on post-conviction attack.  *Bufalino v. Reno*, 613 F.2d 568, 570 (5th Cir. 1980); *Picard v. Connor*, 404 U.S. 270, 275, 92 S.Ct. 509, 512, 30 L.Ed.2d 439 (1971)(It is insufficient that a federal habeas applicant has brought claims through the state court system; instead, the state courts must have had the "first opportunity to hear the claim sought to be vindicated in a federal habeas proceeding").  Additionally, federal habeas relief generally is available on a habeas petition only when all of the claims in the petition have been exhausted.  *Rose v. Lundy*, 455 U.S. 509, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982).

Although the State contends in its motion to dismiss that Ford has failed to exhaust his state court remedies relative to all of the claims set forth in his habeas petition, the Court disagrees.  A fair reading of Ford's second post-conviction relief application indicates that he raised claims that his counsel was ineffective, that his guilty plea was not knowingly and intelligently made, and that his sentence is illegal and excessive.  Furthermore,

although the State contends in its present motion that Ford did not exhaust his claim pertaining to withdrawal of his guilty plea, that contention is inconsistent with the State's own statements in its memorandum in opposition to Ford's post-conviction relief application filed in state court, wherein the State noted that "[d]efendant has now filed a Uniform Application for Post Conviction Relief alleging seven claims that would allow him to withdraw his guilty plea." The argument that Ford submits in support of his habeas claim concerning withdrawal of his guilty plea (*i.e.*, that he should have been allowed to withdraw such plea because the State did not keep the promise made to him in the plea agreement concerning his sentence and instead proceeded with the multi-bill proceedings using his guilty plea as a predicate conviction) was presented in Ford's post-conviction relief application in the context of his request to have the plea agreement "specifically performed." Accordingly, even though Ford's claim relating to his guilty plea in his state application is designated and organized somewhat differently than it is in his federal petition, the substantive argument underlying that claim is the same and was fairly presented to the state courts.

The Court does, however, agree with the State that Ford failed to exhaust his state court remedies relative to his claim concerning denial of the right to trial by judge or jury. That claim was never specifically presented in any of Ford's state court applications/motions. However, even if that claim was dismissed without prejudice for Ford to return to state court to exhaust it, he would be procedurally barred from doing so because more than two (2) years have elapsed since the finality of his guilty plea and

7

sentence.[3]  The Fifth Circuit has held that, where all claims contained in a habeas petition but one are exhausted and the sole unexhausted claim is procedurally defaulted, leaving nothing for petitioner to exhaust in state court, the habeas petition is not subject to dismissal as a mixed petition.  *Bagneris v. Cain*, 2007 WL 3353301 (5th Cir. 2007), citing *Rhines v. Weber*, 544 U.S. 269, 277-78, 125 S.Ct. 1528, 161 L.Ed.2d 440 (2005). Accordingly, the State's motion to dismiss should be granted in part and denied in part, and the State should be ordered to respond to the merits of all of Ford's claims, except his unexhausted claim that he was denied his right to trial by judge or jury, which should be dismissed.[4]

## RECOMMENDATION

For the above reasons, it is recommended that the Motion to Dismiss (R. Doc. 8) filed by the State of Louisiana, through the Office of the District Attorney, 21st Judicial District Court, Parish of Livingston, should be **GRANTED IN PART**, in that petitioner's unexhausted claim that he was denied his right to trial by judge or jury should be dismissed, and **DENIED IN PART** as to all of petitioner's other claims.  If this recommendation is adopted, the State should be ordered to file a response to the merits

---

[3]No application for post-conviction relief, including applications seeking an out-of-time appeal, shall be considered if filed more than two (2) years after the judgment of conviction and sentence have become final under La. C.Cr.P. arts. 914 or 922.  *State v. Pugh*, 40,159 (La. App. 2 Cir. 9/21/05), 911 So.2d 898.  Since Ford's sentence became final thirty (30) days after April 18, 2001 because he did not appeal his habitual offender sentence to the First Circuit Court of Appeals, any post-conviction relief application or out-of-time appeal now filed in state court would be dismissed as untimely.

[4] Since the State's present motion only addresses Ford's habeas petition on procedural grounds, if this recommendation is adopted, the State should be ordered to submit a response to the merits of Ford's habeas petition.

of all claims contained in the habeas petition, except for petitioner's claim that he was denied his right to trial by judge or jury, within thirty (30) days.

       Signed in chambers in Baton Rouge, Louisiana, November 3, 2008.

**MAGISTRATE JUDGE CHRISTINE NOLAND**